## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 21-CV-1367-SMY |
| LAVON KAYSER, KELLY WILHELM, JOHN WILHELM, and EDWARD KAYSER, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed the instant interpleader action involving competing claims to proceeds of a life insurance policy (Docs. 1, 10). Each potential claimant was named as a defendant and served (Docs. 11, 15, 17, 18).

Now pending before the Court is Prudential's Motion for Discharge and Dismissal (Doc. 29). Defendant Lavon Kayser, filed a response asserting no objection to the motion (Doc. 30). The remaining defendants have not objected to the instant motion (Doc. 36). For the following reasons, the motion is **DENIED**.

### Procedural and Factual Background

Prudential issued a Family Whole Life Insurance Policy number 29 149 142 (the "Policy") to Albert Kayser (Doc. 10, ¶8). The Policy provided coverage to the Albert Kayser ("the insured") and his then-wife, Rosalie Kayser. (Doc. 10, ¶9). Rosalie Kayer died in January 1985, and Prudential paid a death benefit to the insured. (Doc. 10, ¶10). In December 1996, by way of a

Beneficiary Change Form, the insured designated his new-wife, Lavon Kayser, as sole primary beneficiary, with his children, Kelly Wilhelm and Edward P. Kayser, as co-contingent beneficiaries (Doc. 10, ¶11). The insured passed away on January 17, 2020 (Doc. 10, ¶12). As a result, the Policy death benefits in the amount of $19,272.50 became due and payable to the beneficiary(ies); Prudential promptly conceded liability to that effect (Doc. 10, ¶13).

Lavon Kayser asserts a claim to the death benefits as the primary beneficiary of record (Doc. 10, ¶14). Kelly Wilhelm also asserts a claim to the benefits (or a portion thereof) on behalf of herself, John Wilhelm, and Edward P. Kayser. Wilhelm alleges that she, John Wilhelm, and Edward P. Kayser should be reimbursed for the insured's funeral and cemetery expenses because Prudential should have had a record of a Policy Assignment she executed in favor of the funeral home as the insured's Attorney-in-Fact (Doc. 10, ¶15). Prudential asserts that it has no record of having received the Assignment prior to the insured's death (Doc. 10, ¶16). Thus, there exists competing mutually exclusive claims to a single, defined amount of the death benefits due under the Policy.

Prudential commenced the present action seeking relief in Interpleader and deposited with the Clerk of the Court the sum of $20,205.75, representing the death benefits and applicable interest due under the Policy (Doc. 26). Subsequently, Prudential filed a Motion for Discharge and Dismissal requesting: (i) that Prudential be discharged of any and all liability in connection with the Policy and benefits paid thereunder; (ii) permanently enjoining Defendants from commencing or prosecuting any other actions or proceedings against Prudential seeking payment of the death benefits or otherwise in connection with the Policy; and, (iii) dismissing Prudential from this action with prejudice (Doc. 29).

Defendants, with the exception of Lavon Kayser, filed an affirmative defense of equitable estoppel, asserting that Prudential should be estopped from being discharged as a "mere stakeholder" in the instant action because its alleged breach of contract "caused, or contributed to cause, the competing claims alleged in the interpleader action" (Doc. 36).

### Discussion

Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims.  *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008).  It permits a stakeholder who has no claim to the proceeds and is willing to release it to the rightful claimant, "to put the money…in dispute into court, withdraw from the proceeding and leave the claimants to litigate between themselves the ownership of the fund in court."  *Com. Nat. Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994).  Although a successful interpleader action typically results in the court discharging the stakeholder from all further liability, discharge is improper if the stakeholder is itself alleged to be independently liable to the defendants.  *See Hassoun v. Reliastar Life Ins. Co.*, 288 F. Supp. 3d 1334, 1345 (S.D. Fla. 2018) (insurer was not entitled to discharge from action and permanent injunction against all future actions where insurer's alleged recordkeeping failure with respect to beneficiary forms contributed to need for litigation, and insurer could have been liable to some of the parties to the action).

Here, Prudential deposited an amount representing the death benefits and applicable interest with the Court, and the competing claimants may now litigate between themselves the ownership of the funds.  However, a question remains regarding an asserted affirmative defense – whether Prudential's alleged recordkeeping failure with respect to the Policy Assignment for funeral expenses contributed to the need for the litigation.  As such, its requested discharge and

related relief may not be properly granted at this juncture.  Prudential's Motion for Discharge and Dismissal is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 6, 2022**

**STACI M. YANDLE**
**United States District Judge**